LNE 8.25.25



**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

---

*James G. O'Donohue III*
*Assistant United States Attorney*
*James.O'Donohue @usdoj.gov*

*Suite 400*
*36 S. Charles Street*
*Baltimore, MD 21201-3119*

*Direct: 410-209-4985*
*Main: 410-209-4800*

October 20, 2025

*Via email*
Andrew R. Szekely, Esq.
Office of the Federal Public Defender
100 South Charles Street
Tower II, 9th Floor
Baltimore, Maryland 21201

> Re:  United States v. Steven Staggers
>      Criminal No. ABA-25-34

Dear Counsel:

This letter, together with the Sealed Supplement, confirms the plea agreement (the "Agreement") that has been offered to your client, Steven Staggers ("the Defendant"), by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have the Defendant execute it in the spaces provided below. If this offer has not been accepted by **October 31, 2025**, it will be deemed withdrawn. The terms of the Agreement are as follows:

### Offense of Conviction

1. The Defendant agrees to plead guilty to Count One of the Indictment, which charged the Defendant with Possession of Firearms and Ammunition by a Prohibited Person in violation of 18 U.S.C. § 922(g)(1). The Defendant admits that the Defendant is, in fact, guilty of the offense and will so advise the Court.

### Elements of the Offense

2. The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

That on or about September 20, 2023, in the District of Maryland:

Count One: Possession of Firearms and Ammunition by a Prohibited Person

Rev. August 2018

a. The Defendant knowingly possessed firearms and ammunition as those terms are defined in 18 U.S.C. §§ 921(a)(3) and 921(a)(17), respectively;

b. The Defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year, his civil rights had not been restored, and he had knowledge of this status when he possessed the firearms and ammunition; and

c. The firearms and ammunition affected interstate commerce.

<u>Penalties</u>

3. The maximum penalties provided by statute for the offense to which the Defendant is pleading guilty are as follows:

| Count | Statute | Maximum Prison | Supervised Release | Maximum Fine | Special Assessment |
|-------|---------|----------------|--------------------|--------------|--------------------|
| One | 18 U.S.C. § 922(g)(1) | 15 years | 3 years | $250,000 | $100 |

a. Prison: If the Court orders a term of imprisonment, the Bureau of Prisons has sole discretion to designate the institution at which it will be served.

b. Supervised Release: If the Court orders a term of supervised release, and the Defendant violates the conditions of supervised release, the Court may order the Defendant returned to custody to serve a term of imprisonment as permitted by statute, followed by an additional term of supervised release.

c. Restitution: The Court may order the Defendant to pay restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

d. Payment: If a fine or restitution is imposed, it shall be payable immediately, unless the Court orders otherwise under 18 U.S.C. § 3572(d). The Defendant may be required to pay interest if the fine is not paid when due.

e. Forfeiture: The Court may enter an order of forfeiture of assets directly traceable to the offense, substitute assets, and/or a money judgment equal to the value of the property subject to forfeiture.

f. Collection of Debts: If the Court imposes a fine or restitution, this Office's Financial Litigation Unit will be responsible for collecting the debt. If the Court establishes a schedule of payments, the Defendant agrees that: (1) the full amount of the fine or restitution is nonetheless due and owing immediately; (2) the schedule of payments is merely a minimum

Rev. August 2018

2

Case 1:25-cr-00034-ABA    Document 39    Filed 12/05/25    Page 3 of 11

schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment; and (3) the United States may fully employ all powers to collect on the total amount of the debt as provided by law. Until the debt is paid, the Defendant agrees to disclose all assets in which the Defendant has any interest or over which the Defendant exercises direct or indirect control. Until the money judgment is satisfied, the Defendant authorizes this Office to obtain a credit report in order to evaluate the Defendant's ability to pay, and to request and review the Defendant's federal and state income tax returns. The Defendant agrees to complete and sign a copy of IRS Form 8821 (relating to the voluntary disclosure of federal tax return information) and a financial statement in a form provided by this Office.

<u>Waiver of Rights</u>

4.     The Defendant understands that by entering into this Agreement, the Defendant surrenders certain rights as outlined below:

a.     If the Defendant had pled not guilty and persisted in that plea, the Defendant would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

b.     If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

c.     If the Defendant went to trial, the Government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the Government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in defense, however, the Defendant would have the subpoena power of the Court to compel the witnesses to attend.

d.     The Defendant would have the right to testify in the Defendant's own defense if the Defendant so chose, and the Defendant would have the right to refuse to testify. If the Defendant chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from the Defendant's decision not to testify.

e.     If the Defendant were found guilty after a trial, the Defendant would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

Rev. August 2018

f.    By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that the Defendant may have to answer the Court's questions both about the rights being given up and about the facts of the case. Any statements that the Defendant makes during such a hearing would not be admissible against the Defendant during a trial except in a criminal proceeding for perjury or false statement.

g.    If the Court accepts the Defendant's plea of guilty, the Defendant will be giving up the right to file and have the Court rule on pretrial motions, and there will be no further trial or proceeding of any kind in the above-referenced criminal case, and the Court will find the Defendant guilty.

h.    By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status, including possible denaturalization. The Defendant recognizes that if the Defendant is not a citizen of the United States, or is a naturalized citizen, pleading guilty may have consequences with respect to the Defendant's immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including the Defendant's attorney or the Court, can predict with certainty the effect of a conviction on immigration status. The Defendant is not relying on any promise or belief about the immigration consequences of pleading guilty. The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any potential immigration consequences.

## Advisory Sentencing Guidelines Apply

5.    The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. § 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

## Factual and Advisory Guidelines Stipulation

6.    This Office and the Defendant stipulate and agree to the Statement of Facts set forth in Attachment A, which is incorporated by reference herein.

a.    This Office and the Defendant agree that the applicable base offense level for Count One is **22** pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 2K2.1(a)(3) because the offense involved a semiautomatic firearm that is capable of accepting a large capacity magazine, and the Defendant committed any part of the instant offense subsequent to sustaining one felony conviction for a crime of violence.

Rev. August 2018

4

b.      The parties agree that the offense level is increased by **4 levels** pursuant to U.S.S.G. § 2K2.1(b)(6)(B) because the Defendant used the firearm or ammunition in connection with another felony offense.

c.      The parties agree that the offense level is increased by **2 levels** because the Defendant attempted to transport, transfer, sell, or otherwise dispose of a firearm knowing or having reason to believe that such conduct would result in the receipt of the firearm by an individual who was prohibited from possessing firearms, pursuant to U.S.S.G § 2K2.1(b)(5)(B)(ii).

d.      This Office does not oppose a **2-level** reduction in the Defendant's adjusted offense level pursuant to U.S.S.G. § 3E1.1(a) based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional **1-level** decrease in recognition of the Defendant's timely notification of the Defendant's intention to enter a plea of guilty, pursuant to U.S.S.G. § 3E1.1(b). This Office may oppose any adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(a) if the Defendant: (i) fails to admit each and every item in the factual stipulation; (ii) denies involvement in the offense; (iii) gives conflicting statements about the Defendant's involvement in the offense; (iv) is untruthful with the Court, this Office, or the United States Probation Office; (v) obstructs or attempts to obstruct justice prior to sentencing; (vi) engages in any criminal conduct between the date of this Agreement and the date of sentencing; (vii) attempts to withdraw the plea of guilty; or (viii) violates this Agreement in any way.

e.      The final offense level is **25**.

7.      There is no agreement as to the Defendant's criminal history and the Defendant understands that the Defendant's criminal history could alter the Defendant's offense level. Specifically, the Defendant understands that the Defendant's criminal history could alter the final offense level if the Defendant is determined to be a career offender or if the instant offense was a part of a pattern of criminal conduct from which the Defendant derived a substantial portion of the Defendant's income.

8.      Other than as set forth above, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines are in dispute or will be raised in calculating the advisory guidelines range.

### Obligations of the Parties

9.      At the time of sentencing, this Office and the Defendant reserve the right to advocate for a reasonable sentence, a period of supervised release, and/or fine considering any appropriate factors under 18 U.S.C. § 3553(a). This Office and the Defendant reserve the right to bring to the Court's attention all information with respect to the Defendant's background, character, and conduct that this Office or the Defendant deem relevant to sentencing, including the conduct that is the subject of any counts of the Indictment. At the time of sentencing, this Office will move to dismiss any open counts against the Defendant.

Rev. August 2018

## Waiver of Appeal

10.     In exchange for the concessions made by this Office and the Defendant in this Agreement, this Office and the Defendant waive their rights to appeal as follows:

a.     The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal the Defendant's conviction on any ground whatsoever. This includes a waiver of all right to appeal the Defendant's conviction on the ground that the statute(s) to which the Defendant is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute(s), to the extent that such challenges legally can be waived.

b.     The Defendant and this Office knowingly and expressly waive all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed (including any term of imprisonment, fine, term of supervised release, or order of restitution) for any reason (including the establishment of the advisory sentencing guidelines range, the determination of the Defendant's criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release).

c.     The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

## Forfeiture

11.     The Defendant understands that the Court may enter an Order of Forfeiture as part of the Defendant's sentence, and that the Order of Forfeiture may include assets directly traceable to the offense, substitute assets, and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense.

12.     Specifically, but without limitation on the Government's right to forfeit all property subject to forfeiture as permitted by law, the Defendant agrees to forfeit to the United States all of the Defendant's right, title, and interest in the following items that the Defendant agrees constitute money, property, and/or assets derived from or obtained by the Defendant as a result of, or used to facilitate the commission of, the Defendant's illegal activities:

a.  The following items recovered during the September 20, 2023, execution of a search warrant at 17 Bon Air Avenue, Brooklyn Park, Maryland:
    i.  a Glock 26 pistol bearing serial number ZVG554;[1]
    ii.  a Glock 45 pistol bearing serial number BTAE100;
    iii.  approximately 19 rounds of 9mm ammunition;

---

[1] The Forfeiture Allegation of the Indictment, Para. 2(a), noted the serial number of this firearm as "2VG554." The parties agree that the Forfeiture Allegation of the Indictment refers to the same firearm designated herein under Para. 15(a)(i) and described throughout this agreement, including in the Stipulation of Facts.

Rev. August 2018

6

    iv.  approximately 32 rounds of 9mm ammunition
    v.  approximately 18 rounds of Lawman .40 caliber ammunition;
    vi.  approximately 13 rounds of Federal Premium 9mm ammunition;
    vii.  approximately 14 rounds of miscellaneous ammunition of various calibers;
    viii.  an "Amend 2" handgun magazine;
    ix.  an extended magazine; and
    x.  two additional handgun magazines.

13.    The Defendant agrees to consent to the entry of orders of forfeiture for the property described herein and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding forfeiture during the change of plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

14.    The Defendant agrees to assist fully in the forfeiture of the above property. The Defendant agrees to disclose all assets and sources of income, to consent to all requests for access to information related to assets and income, and to take all steps necessary to pass clear title to the forfeited assets to the United States, including executing all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are made available for forfeiture.

15.    The Defendant waives all challenges to any forfeiture carried out in accordance with this Agreement on any grounds, including any and all constitutional, legal, equitable, statutory, or administrative grounds brought by any means, including through direct appeal, habeas corpus petition, or civil complaint. The Defendant will not challenge or seek review of any civil or administrative forfeiture of any property subject to forfeiture under this Agreement, and will not assist any third party with any challenge or review or any petition for remission of forfeiture.

### Abandonment

16.    The Defendant knowingly and voluntarily waives any right, title, and interest in the following property:
    a.  approximately 8 rounds of .380 caliber ammunition recovered during the February 4, 2025, execution of a search warrant at 1400 Elmtree Street, Curtis Bay, Maryland; and
    b.  approximately 90 rounds of 9mm ammunition recovered during the February 4, 2025, execution of a search warrant at 1400 Elmtree Street, Curtis Bay, Maryland.

(collectively, the "Abandoned Property") and consents to its federal administrative disposition, official use, and/or destruction.

17.    The Defendant understands that he would have a right to file a claim to the Abandoned Property under 41 C.F.R. § 128-48.102-1 and waives his right to claim the Abandoned Property under 41 C.F.R. § 128-48.503. The Defendant agrees not to contest the vesting of title of the Abandoned Property in the United States Government and agrees to unconditionally release

Rev. August 2018

and hold harmless the United States Government, its officers, employees, and agents, from any and all claims, demands, damages, causes of actions, suits, of whatever kind and description, and wheresoever situated, that might now exist or hereafter exist by reason of or growing out of or affecting, directly or indirectly, the seizure or waiver of ownership interest in the Abandoned Property. The Defendant agrees to execute any documents as necessary to the waiver of right, title and interest in the Abandoned Property, including any forms necessary to affect the Defendant's waiver of ownership interest.

## Defendant's Conduct Prior to Sentencing and Breach

18.    Between now and the date of the sentencing, the Defendant will not engage in conduct that constitutes obstruction of justice under U.S.S.G. § 3C1.1; will not violate any federal, state, or local law; will acknowledge guilt to the probation officer and the Court; will be truthful in any statement to the Court, this Office, law enforcement agents, and probation officers; will cooperate in the preparation of the presentence report; and will not move to withdraw from the plea of guilty or from this Agreement.

19.    If the Defendant engages in conduct prior to sentencing that violates the above paragraph of this Agreement, and the Court finds a violation by a preponderance of the evidence, then: (i) this Office will be free from its obligations under this Agreement; (ii) this Office may make sentencing arguments and recommendations different from those set out in this Agreement, even if the Agreement was reached pursuant to Rule 11(c)(1)(C); and (iii) in any criminal or civil proceeding, this Office will be free to use against the Defendant all statements made by the Defendant and any of the information or materials provided by the Defendant, including statements, information, and materials provided pursuant to this Agreement, and statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure. A determination that this Office is released from its obligations under this Agreement will not permit the Defendant to withdraw the guilty plea. The Defendant acknowledges that the Defendant may not withdraw the Defendant's guilty plea—even if made pursuant to Rule 11(c)(1)(C)—if the Court finds that the Defendant breached the Agreement. In that event, neither the Court nor the Government will be bound by the specific sentence or sentencing range agreed and stipulated to herein pursuant to Rule 11(c)(1)(C).

## Court Not a Party

20.    The Court is not a party to this Agreement. The sentence to be imposed is within the sole discretion of the Court. The Court is not bound by the Sentencing Guidelines stipulation in this Agreement. The Court will determine the facts relevant to sentencing. The Court is not required to accept any recommendation or stipulation of the parties. The Court has the power to impose a sentence up to the maximum penalty allowed by law. If the Court makes sentencing findings different from those stipulated in this Agreement, or if the Court imposes any sentence up to the maximum allowed by statute, the Defendant will remain bound to fulfill all of the obligations under this Agreement. Neither the prosecutor, defense counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

<u>Entire Agreement</u>

21.     This letter, together with the Sealed Supplement, constitutes the complete plea agreement in this case.  This letter, together with the Sealed Supplement, supersedes any prior understandings, promises, or conditions between this Office and the Defendant.  There are no other agreements, promises, undertakings, or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement.  No changes to this Agreement will be effective unless in writing, signed by all parties and approved by the Court.

If the Defendant fully accepts each and every term and condition of this Agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Kelly O. Hayes
United States Attorney

James G. O'Donohue III
Assistant United States Attorney

I have read this Agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney.  I understand it and I voluntarily agree to it.  Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney and I do not wish to change any part of it.  I am completely satisfied with the representation of my attorney.

10/23/25
Date

Steven Staggers

I am the Defendant's attorney.  I have carefully reviewed every part of this Agreement, including the Sealed Supplement with the Defendant.  The Defendant advises me that the Defendant understands and accepts its terms.  To my knowledge, the Defendant's decision to enter into this Agreement is an informed and voluntary one.

10/23/25
Date

Andrew R. Szekely, Esq

Rev. August 2018

## ATTACHMENT A
## STIPULATION OF FACTS

*The undersigned parties stipulate and agree that if this case had proceeded to trial, this Office would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.*

In mid-2023, investigators with Baltimore Police Department (BPD) began investigating the Defendant, Steven Staggers, after observing him post a video of himself on a public "Instagram Live" session holding a firearm. Investigators knew that Staggers was prohibited from possessing firearms or ammunition due to a prior felony conviction. On September 20, 2023, law enforcement officers executed a search warrant at Staggers' residence at the time, 17 Bon Air Avenue, Brooklyn Park, Maryland and recovered several items. Specifically, investigators recovered the following items, all of which were possessed by Staggers:

    a. a Glock 26 pistol bearing serial number ZVG554;
    b. a Glock 45 pistol bearing serial number BTAE100;
    c. approximately 19 rounds of 9mm ammunition;
    d. approximately 32 rounds of 9mm ammunition
    e. approximately 18 rounds of Lawman .40 caliber ammunition;
    f. approximately 13 rounds of Federal Premium 9mm ammunition;
    g. approximately 14 rounds of miscellaneous ammunition of various calibers;
    h. an "Amend 2" handgun magazine;
    i. one extended magazine;
    j. two additional handgun magazines;
    k. paperwork and other documents in the name of Steven Staggers;
    l. two clear plastic bags containing approximately 28.21 grams of lab-confirmed cocaine;
    m. a "Weigh Gram" digital scale containing white residue; and
    n. two clear bags containing approximately 40 grams of a cutting agent to prepare drugs for distribution.

Staggers possessed the aforementioned cocaine with the intent to distribute it. Additionally, during the September 20, 2023 search, investigators recovered Staggers' Apple iPhone and obtained a warrant to search it. Investigators found evidence in the phone of Staggers attempting to transfer firearms to other individuals knowing, or having reason to believe, that such conduct would result in the receipt of the firearms by a prohibited person. For example, in September 2023, Staggers exchanged messages with a contact named "Bobby Gun Plug" in which Staggers wrote, "Find me a sale for that sig...750." When the contact responded, "Is it a 9," Staggers wrote, "Yea." Investigators know that Staggers was attempting to sell a Sig Sauer firearm for $750. In another message exchange with a contact named "Richie," Staggers wrote, "U want that sig," to which "Richie" wrote, "You gonna break my pockets for that tho." The two then discussed the price and agreed to meet at a carwash to conduct a firearm sale.

Rev. August 2018

10

On the evening of November 29, 2024, the Baltimore County Police Department responded to an incident involving Staggers in Landsdowne, Maryland. When officers arrived on scene, they recovered Staggers' cell phone.

Investigators executed a search warrant on the phone, which indicated that Staggers was continuing to transfer, or attempting to transfer, firearms to individuals he had reason to believe were prohibited from possessing firearms. For example, in a September 2024 communication, Staggers messaged an individual saved as a contact "SLuGGa": "Tell yo I got the 26 w the drum for the Glock 38." The contact "SLuGGa" responded, "Send me a pic he wanna see it…He said he do it…He said can you come to him or you want him to meet you." The message exchange continues with photos of firearms and discussions of firearm trades. Investigators know that a "26" refers to a Glock 26, and a "drum" refers to a type of firearm magazine.

On February 4, 2025, investigators executed a search warrant and arrest warrant at Staggers' residence at 1400 Elmtree Street, Curtis Bay, Maryland. Between the residence and a vehicle parked at the residence, investigators recovered an additional 8 rounds of .380 caliber ammunition and approximately 90 rounds of 9mm ammunition, all of which Staggers possessed.

Staggers agrees that he knowingly possessed the above-described firearms and ammunition recovered by investigators on September 20, 2023 and February 4, 2025. Prior to possessing the firearms and ammunition, he agrees that he had been convicted of a crime punishable by imprisonment for a term exceeding one year, his civil rights had not been restored, and he had knowledge of this status when he possessed the firearm and ammunition. The firearms described above were each a "firearm" that satisfied the definition of that term found in 18 U.S.C. § 921(a)(3) because they were capable of expelling a projectile by the action of an explosive. The ammunition meets the definition of ammunition pursuant to 18 U.S.C. § 921(a)(17)(A). The firearms and ammunition affected interstate commerce.

All events occurred in the District of Maryland.

SO STIPULATED:

James G. O'Donohue III
Assistant United States Attorney

Steven Staggers
Defendant

Andrew R. Szekely, Esq
Counsel for Defendant

Rev. August 2018

11